# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** <br><br> **Eric & Selina Jones,** <br><br> Debtors. <br><br>――――――――――――――――― <br><br> **TOM HALE,** <br><br>   Appellant, <br> **vs.** <br><br> **UNITED STATES BANKRUPTCY TRUSTEE,** <br><br>   Appellee. | CASE NO: CV04-289-S-EJL <br><br> **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Appellant Tom Hale's appeal from the March 19, 2004 decision of the United States Bankruptcy Court for the District of Idaho, Honorable Terry L. Myers. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. Local Rule 7.1.

## FACTS AND PROCEDURAL BACKGROUND

The Appellant, Tom Hale, has filed this appeal from the United States Bankruptcy Court in this District challenging the Bankruptcy Court's Memorandum of Decision which imposed sanctions and injunctive relief against Mr. Hale. Specifically, the decision precluded Mr. Hale from collecting

$250 in attorney fees, imposed a $2,000 sanction, and ordered other restrictions upon Mr. Hale. The decision was issued as a result of a Notice of Intent to Request Sanctions and Motion for Sanctions filed by the United States Trustee ("Trustee"). The Trustee submitted the notice and motion in relation to Mr. Hale's participation in assisting in the preparation of a voluntary bankruptcy petition filed by Eric and Selena Jones. The Bankruptcy Court issued an Order to Attorney seeking additional information, which Mr. Hale provided. Mr. Hale also filed motions to dismiss and a response and request for jury trial. The Bankruptcy Court denied the motion to dismiss and issued its decision imposing sanctions and injunctive relief to which Mr. Hale submitted a motion to reconsider. The Bankruptcy Court denied the motion to reconsider and Mr. Hale filed this appeal to the Bankruptcy Appellate Panel for reconsideration. On appeal Mr. Hale raises several challenges to the Bankruptcy Court's order which include due process and equal protection claims, imposition of unreasonable sanctions and attorney fees, and prejudice of the court.

**STANDARD OF REVIEW**

This Court reviews a Bankruptcy Court's finding's of fact under the clearly erroneous standard and conclusions of law are reviewed *de novo*. See Kord Enterprises II v. California Commerce Bank 139 F.3d 684, 686 (9th Cir. 1998); See In re Lazar, 83 F.3d 306 (9th Cir. 1996).

**ANALYSIS**

1.  Imposition of Sanctions:

Mr. Hale argues the Bankruptcy Court's imposition of sanctions pursuant to Bankruptcy Rule 9011 was improper because the rule applies only to the signor of the filing and because there was no impropriety in the pleadings filed. At the request of the United States Trustee, the Bankruptcy Court ordered Mr. Hale to pay $2,000.00 in sanctions pursuant to Rule 9011(c) and the Court's inherent authority. In particular, the Bankruptcy Court took exception to Mr. Hale's refusal to sign the petition which he prepared in an effort to avoid liability; a practice which was previously condemned by the Bankruptcy Court in In re Castorena, 270 B.R. 504 (Bankr. Idaho 2001).

The Court has reviewed the record and the parties arguments in this matter and concludes the Bankruptcy Court identified the correct legal standard and properly applied the facts of this case to

the law. The Bankruptcy Court was well within its authority to impose the sanctions both as to its inherent authority and pursuant to Rule 9011(c). Mr. Hale's argument that sanctions are limited to only those who sign a filing has been clearly rebutted in <u>Castorena</u>. In addition, the Court agrees that the amount of the sanction is reasonable given the fees and expenses incurred by opposing counsel as a result of the inaccurate submissions.

2. <u>Due Proces and Equal Protection Rights</u>:

Mr. Hale asserts his repeated requests for a jury trial as to the question of the reasonableness of attorney fees, his right to contract with debtors, his right to provide legal services to pro se debtors, and his due process and equal protection rights in general were improperly denied and/or infringed upon by the Bankruptcy Court. Mr. Hale also challenges the Bankruptcy Court's reliance upon the <u>Castorena</u> case asserting that the Court failed to decide this case on its merits thereby violating his due process rights, right to an impartial trier of fact, equal protection rights, and subjecting him to judicial activism. This Court disagrees.

The Bankruptcy Court denied several requests for a jury trial by Mr. Hale which this Court has reviewed and finds the rulings to be correct. There is no right to a jury trial for review of attorney fees in a bankruptcy proceeding. <u>See</u> 11 U.S.C. § 329. Likewise, Mr. Hale's contention regarding an infringement of his right to contract, right to provide legal services, and right to equal protection are without merit. Mr. Hale's chosen method of practicing law has been deemed improper in <u>Castorena</u> and the Bankruptcy Court's reliance upon that ruling is appropriate. Moreover, the Bankruptcy Court's decision evidences the fact that this case was considered on its merits. The Bankruptcy Court's rulings properly stated the applicable law and correctly applied the facts of this case to the law in reaching its determination as to Mr. Hale's alleged rights in this matter.

3) <u>Prejudice of the Bankruptcy Judge</u>:

Mr. Hale alleges the Bankruptcy Judge was prejudicial and should have recused himself pursuant to 28 U.S.C. § 455. The bias, Mr. Hale maintains, is evidenced by the Bankruptcy Judge's "over-reliance on its prior decision of <u>Castorena</u> without examination of the present case on its merits. As such, Mr. Hale argues he was denied his right to an impartial trier of fact and right to be free from judicial activism.

Recusal of a judge in a bankruptcy proceeding is governed by 28 U.S.C. § 455, which provides, in relevant part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ...

28 U.S.C. § 455(a)(b)(1). The Bankruptcy Court here denied both motions for recusal concluding the assertions in the motion regarding the Judge's alleged bias were factually and legally insufficient. (Bk. Dkt. No. 32, p. 9). The Bankruptcy Court went on to conduct a second inquiry where by it concluded "without hesitation that no such bias or prejudice presently exists." (Bk. Dkt. No. 32). This Court has reviewed Mr. Hale's arguments and the Bankruptcy Court's denial, including the April, 2002 decision, and found the Bankruptcy Court utilized the correct rule of law and properly applied the facts of this case to the law. It is clear in this case that the Bankruptcy Court's denial of the recusal motions was proper.

4) <u>Repayment of Attorney Fees</u>:

Mr. Hale asserts the Bankruptcy Court failed to properly consider the applicable standards for evaluating the reasonableness of the attorney fees charged and by ordering disgorgement of the fees. The Bankruptcy Court ultimately granted the United States Trustee's motion for an order denying compensation and directing disgorgement and refund of attorney fees paid to Mr. Hale by the Debtors in this case. In doing so the Bankruptcy Court found that Mr. Hale had failed to provide competent legal counsel, filed incomplete itemizations, failed to sign such filings, and failed to obtain informed consent of the Debtors regarding the boundaries of his representation. As a result of these shortcomings, the Bankruptcy Court concluded the $250.00 fee charged to the Debtors was unjustified.

Having reviewed the Bankruptcy Court's decision this Court concludes the appropriate legal standard was employed and that the Bankruptcy Court's application of the facts to the law was proper. The itemizations submitted by Mr. Hale are, at best, convoluted but, more importantly, fail to justify the requested fees. As pointed out by the Bankruptcy Court, the services provided by Mr. Hale were

of little or no value to the Debtors who testified as much at the hearing and who ultimately were forced to hire other counsel to represent them in their bankruptcy proceeding. Accordingly, the Court affirms the Bankruptcy Court's decision.

## CONCLUSION

Having conducted a *de novo* review of the applicable law and considered the factual findings of the Bankruptcy Court, this Court finds the Bankruptcy Court's decision is consistent with this Court's own view of the record and law in this case. Therefore, the Court **AFFIRMS** the Bankruptcy Court's decision of March 19, 2004, and this case shall be dismissed in it entirety.

**IT IS SO ORDERED**.

DATED: **March 15, 2006**

Honorable Edward J. Lodge
U. S. District Judge